**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Arizona Democratic Party, et al.,

Plaintiffs,

v.

Katie Hobbs, et al.,

Defendants.

No. CV-20-01143-PHX-DLR

**ORDER**

At issue is the State of Arizona's ("State") Motion to Intervene.[1] (Doc. 16.) Having reviewed the State's motion and Plaintiffs' response in opposition (Doc. 25), the Court will grant the State's motion under Federal Rule of Civil Procedure 24(b).

Rule 24 provides both for intervention as-of-right and permissive intervention. Under Rule 24(a), the Court *must* allow an applicant to intervene if four requirements are met:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). The State satisfies the first

[1] The Court will excuse the State's failure to file a proposed responsive pleading, as ordinarily required by Federal Rule of Civil procedure 26(c), given the time constraints.

three elements, but the Court is not persuaded that the State's interests will be inadequately represented by the existing parties, which include the Arizona Secretary of State ("Secretary") and the county recorders for each of Arizona's fifteen counties. Although the State speculates that the Secretary might not adequately defend the challenged voting regulations based on her positions in other elections-related litigation, the Court does not yet know what the Secretary's or the various county recorders' positions will be in *this* specific litigation. It simply is premature to conclude that the current Defendants will not raise all the same arguments that the State might make in defense of the challenged voting regulations.

But even if an applicant does not meet the requirements for intervention as of right, the Court nonetheless *may* permit intervention to anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Unlike Rule 24(a), subsection (b) "does not require a showing of inadequacy of representation." *Groves v. Ins. Co. of N. Am.*, 433 F. Supp. 877, 888 (E.D. Pa. 1977). Rather, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Court finds that permissive intervention is appropriate under the circumstances. Plaintiffs do not argue that the State has no claim or defense that shares with the main action common issues of law and fact. They instead are concerned that the State's presence will needlessly complicate the case, which is likely to move expeditiously given the proximity to the November general election. The Court disagrees. Concerns about potentially duplicative briefing can be addressed in other ways. The parties are scheduled to meet with the Court on June 23, 2020 to discuss a briefing schedule. Part of that schedule can include limitations on briefing to ensure that the Court is not flooded with duplicative briefs from all sixteen Defendants and the State as an Intervenor-Defendant. Allowing the State to intervene now, when the case is in its infancy, will not likely result in significant delay.

Further, Plaintiffs raise important constitutional claims regarding Arizona's voting laws. The State very well might have information or arguments that will be useful for the Court in evaluating these questions.

**IT IS ORDERED** that the State's Motion to Intervene (Doc. 16) is **GRANTED** pursuant to Fed. R. Civ. P. 24(b). The State shall participate in the parties' conferral regarding case management deadlines, as well as the June 23, 2020 conference call to discuss the same.[2]

Dated this 19th day of June, 2020.

Douglas L. Rayes
United States District Judge

---

[2] The State indicates that it intends to file a "motion to dismiss or an answer at the appropriate time." (Doc. 16 at 3 n.1.) The Court strongly encourages the parties to consider whether traditional motion practice, such as the filing of motions to dismiss or summary judgement, will be useful in this case. Plaintiffs have asked to consolidate resolution of the preliminary injunction motion with the trial on the merits under Rule 65(a)(2) and, based on the Court's preliminary review, that request appears appropriate. Indeed, Plaintiffs' claims should not require intense or costly discovery. The parties therefore should consider the economics and efficiencies of resolving all issues at a consolidated hearing, perhaps with competing trial memoranda instead of traditional dispositive motions. To the extent any Defendant believes that Plaintiffs' complaint fails to state a claim for relief, it can argue as much during a consolidated preliminary injunction hearing/trial on the merits. In such a way, the Court can evaluate all questions and defenses expeditiously and at once. These are matters to be discussed on June 23, 2020, but the Court offers these preliminary thoughts so the parties can meaningful consider these matters during their conferral.